UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 5:18-cr-00144-GFVT-MAS-4 |
| | ) | |
| V. | ) | |
| | ) | **OPINION** |
| NORMAN DAVID WEST, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

"Allocution, sometimes called 'the allocutus' is of such ancientness that it is difficult, if not impossible, to discover its historical origin."  Paul W. Barrett, *Allocution*, 9 MO. L. REV. 115, 115 (1944) (citations omitted).  The Federal Rules of Criminal Procedure require a sentencing judge to address the defendant specifically and allow the defendant to respond, but courts offer little discussion as to why the practice warrants such importance.  The defendant, Mr. Norman David West, has made a novel "allocution request."  Consequently, this Court has the opportunity to evaluate the purpose of allocution in a modern criminal system.

**I**

Mr. West seeks permission to access a violin while in the custody of the United States Marshal.  [R. 64.][1]  In February, Mr. West entered a guilty plea for distribution of

---

[1] Counsel for Mr. West filed this motion *ex parte* along with a separate motion to file this motion under seal.  [R. 63.]  Pursuant to the Joint Local Rules, motions for leave to seal must state why sealing is required and why the document is entitled to protection from public disclosure.  LCrR 49.6(b).  Mr. West has not indicated why he wishes to seal this motion.  [R. 63.]  Nor can the Court find any provision mandating it be filed *ex parte* and under seal.  The Joint Local Rules mandate a presumption for documents to be available to the public and only permitting restriction in limited circumstances.  LCrR 49.6(a).  Sentencing proceedings are largely open to the public, with only select portions sealed in some instances.  Furthermore, the United States should be made aware prior to sentencing if the Court plans to allow Mr. West to play the

methamphetamine, and his sentencing was scheduled for July 10, 2019.  [R. 57.]  Over the course of meetings with his client, counsel for Mr. West determined he is a talented violinist, and if such is true, counsel wishes to showcase such proficiency to the Court during Mr. West's sentencing.  [R. 64.]

However, as any musician would, Mr. West would like the opportunity to practice prior to sentencing, and the United States Marshal will not permit access to a violin without an Order from this Court.  *Id*.  Necessarily, to determine whether Mr. West should have access to a violin in prison, the Court must first decide whether the right to allocution affords Mr. West a right to play his violin.  The Court ultimately finds the right to allocution does not grant a defendant a right to allocution in any manner he or she pleases.  However, because the Court is granted broad discretion at sentencing, and because the Court is required to consider certain factors at sentencing pursuant to 18 U.S.C. § 3553, the Court finds it has discretion to permit allocution in manners other than written letters or spoken words.  In this specific case, the Court will permit Mr. West to play the violin as a method for his own allocution.

## II

Criminal Rule 32(i)(4) gives parties and victims an opportunity to speak prior to imposing the sentence.  For the defendant, the Court must (i) "provide the defendant's attorney an opportunity to speak on the defendant's behalf" and (ii) "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."  Fed. R. Crim. Pro. 32(i)(4)(A).  However, the history of this right to speak does not give the Court much guidance as to the modern purpose of allocution.

---

violin.  Accordingly, the Court denies Mr. West's Motion for Leave to Seal [R. 63].  Mr. West's Motion for Order shall not be filed *ex parte* or under seal.

The doctrine of allocution appears to have developed in four seventeenth century cases: an *Anonymous* case, *Rex & Regina v. Geary*, *The King v. Speke*, and *Rex v. Royce*. Paul W. Barrett, *Allocution*, 9 Mo. L. Rev. 115, 121 (1944). At that time, the court had no discretion as to the punishment for a defendant's crime, and the punishment for felonies other than petty larceny and mayhem was death. *Id.* at 119–23. Nor did the courts afford a defendant the right to counsel or the ability to speak on his or her behalf during trial. *Green v. United States*, 365 U.S. 301, 304 (1961). During allocution, a defendant was permitted to raise several defenses, such as pardon, pregnancy, insanity, misidentification, or benefit of the clergy. Kimberly A. Thomas, *Beyond Mitigation: Towards a Theory of Allocution*, 75 Fordham L. Rev. 2641, 2646 (2007). Quite bluntly, allocution permitted a defendant to explain why he or she should not be executed for the crime of conviction. Barrett, *supra*, at 115. As early as 1689, English courts began to require reversal of a sentence if the trial judge did not afford a defendant opportunity to speak. *Green v. United States*, 365 U.S. 301, 304 (1961) (citing *Anonymous*, 3 Mod. 265, 266, 87 Eng. Rep., 175 (K.B.)).

While no right to allocution explicitly exists in the United States Constitution, *United States v. Richardson*, 906 F. 3d 417 (2018), the Federal Rules of Criminal Procedure incorporated the requirement for a judge to specifically address the defendant. *Green*, 365 U.S. at 304. But though legislative history makes clear the drafters intended the defendant to be afforded this opportunity, it makes little reference as to *what purpose* allocution serves in a modern judicial system. Defendants are now permitted to testify at trial, and the Constitution guarantees a right to counsel. U.S. Const. amend. VI. Yet, though defendants no longer offer reasons to avoid execution, Rule 32 still requires the sentencing judge "address the defendant

personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. Pro. 32(i)(4)(A).

Judges now, however, have discretion when imposing a sentence, so long as the sentence abides by the applicable statutory minimums and/or maximums. *See, generally, United States v. Booker*, 543 U.S. 220 (2005). So, while allocution is no longer needed to avoid a death penalty, allocution permits a defendant to discuss relevant information a judge must consider when imposing a sentence.

Any time a judge makes a decision about a sentence, he or she considers seven different factors. 18 U.S.C. § 3553(a). Three of those factors address the relationship between imposing a sentence and the sentencing guidelines: the kinds of sentences available, the kinds of sentence and sentencing range established by the applicable guidelines promulgated by the United States Sentencing Commission, and the need for the sentence imposed to meet certain public policy goals of sentencing (to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from future crimes, and to provide the defendant with needed training, care, and/or treatment). 18 U.S.C. § 3553(a)(2)–(4). The other factors require a judge to consider policy statements issued by the sentencing commission, any potential for sentence disparities among defendants with similar records, and any need to provide victim restitution. 18 U.S.C. § 3553(a)(5)–(7). The most important factor for this discussion, however, is the first factor listed in the statute: the judge "shall consider the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Typically, at sentencing, attorneys for both the United States and defendant discuss these factors and why they support the sentence each counsel recommends. Even so, "The most

persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green v. United States*, 365 U.S. 301, 304 (1961). Rule 32 explicitly allows a defendant to both speak for himself or herself and "present any information to mitigate the sentence." Fed. R. Crim. Pro. 32(i)(4)(A). A defendant may not be able to provide argument as to why a certain sentence promotes respect for the law or affords adequate deterrence from criminal behavior. However, a defendant will know his own story, his own history and characteristics, better than anyone else. In these moments, some defendants offer merely an apology, some read from lengthy letters they wrote prior to the proceeding, some offer explanations of why they committed the offense, some describe their lives before criminal activity, some ask for help, some insist they will never make the same mistake again, some outline the characteristics of themselves that they believe will help them overcome this obstacle, and still some choose not to speak at all. The decision not to speak never impacts a defendant's sentence; the defendant's counsel adequately addresses the factors upon which the Court makes a determination. However, when a defendant speaks to the Court during allocution, the Court must listen. *United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004). The Court considers the information provided by the defendant when weighing the sentencing factors under 18 U.S.C. § 3553 and imposing a sentence.

The language in Rule 32 provides defendants an opportunity to speak *or* provide mitigating information. Prior to the imposition of a sentence and the Court's statement of reasons, it is impossible for a defendant to know what information a court might consider "mitigating." Thus, a defendant must necessarily have some discretion on how best to communicate characteristics she believes to be mitigating. As with any ability to speak publicly, such discretion is not unlimited, and a court also retains discretion to permit or restrict the

defendants' choice. *Carter*, 355 F.3d 920 at 926. For example, the right to provide mitigating information does not permit the defendant to filibuster his sentence to remain out of prison. *See, id.* (citing *United States v. Li*, 115 F.3d 125, 133 (2d Cir. 1997)). Moreover, the right extends only to providing *mitigating* information, therefore, if the court considers the type of information a defendant seeks to provide and determines the information will not, in fact, be mitigating, a court may restrict the defendant's ability to present that information. *See* Fed. R. Crim. Pro. 32.

Because Rule 32 gives defendants such an opportunity, because the Court has broad discretion and because the Court is required to consider the factors under 18 U.S.C. § 3553, the Court must necessarily have the flexibility to permit a defendant to offer information above and beyond what is considered "typical" for allocution purposes. A trial court maintains broad discretion when sentencing a defendant and must be permitted to consider any information the court may find helpful during the sentencing process. This does not mean a defendant has a *right* to present more information but does give the Court the *option* to entertain it.

Here, Mr. West has requested permission access to a violin so his counsel may determine whether or not to showcase his talent at sentencing. [R. 6.] There are no requirements in the rules or the statutes that grant a defendant the right to demonstrate musical proficiency, but having made the request in this specific instance, the Court will grant it. If Mr. West does possess musical talent and chooses to express that talent by demonstrating it rather than speaking about it, the Court has discretion to allow it. Mr. West's musical talent could speak to his history and characteristics, which the Court must consider pursuant to 18 U.S.C. § 3553, as well as present potentially mitigating information as permitted under Rule 32. The Court notes that granting Mr. West's narrow request to present novel mitigating information does not automatically extend to other defendants who may appear before the Court.

6

### III

While Mr. West's request is an unusual one, the Court finds it has discretion to permit

such unusual methods of allocution at sentencing.  Having granted permission for Mr. West to

play the violin at sentencing, the Court finds it appropriate to grant Mr. West's request to allow

limited access to a violin while in the custody of the United States Marshal so that he might

practice.  Accordingly, and the Court being sufficiently advised, Mr. West's Motion for Leave to

Seal [**R. 63**] is **DENIED,** but his Motion for Order [**R. 64**] is **GRANTED**.  The Court will allow

Mr. West supervised access to his violin for a limited time in the presence of his attorney while

in custody and prior to sentencing.

This the 12th day of June, 2019.

Gregory F. Van Tatenhove
United States District Judge