**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. 5:18-CR-144-GFVT-MAS** |
| v. ) | |
| ) | |
| **NORMAN DAVID WEST,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION**

The Court, on referral from Judge Van Tatenhove, considers reported violations of supervised release conditions by Defendant Norman David West ("West"). Considering the record, proffer, and counsels' arguments at the final revocation hearing,[1] the Court recommends that the District Judge revoke West's term of supervised release and sentence him to 24 months' imprisonment, with 3 years of supervised release to follow.

## I.   BACKGROUND

In February 2019, Defendant pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841 (Count 13 of the Superseding Indictment). [DE 57, 58]. The United States agreed to dismiss the remaining charge and the underlying Indictment against him at sentencing. On September 17, 2019, Judge Van Tatenhove sentenced West to 40 months' imprisonment on Count 13, to be followed by 3 years of supervised release. [DE 101 (Minutes),

---

[1] Defendant, with the advice of counsel, elected not to allocate before the undersigned. He has reserved his right of allocution before Judge Van Tatenhove. [DE 135].

1

104 (Judgment)]. West was released from custody and began serving his term of supervised release on August 20, 2021. His Judgment particularly included the following mandatory supervised release conditions:

> **Mandatory Condition No. 1:** You must not commit another federal, state or local crime.
>
> **Mandatory Condition No. 2:** You must not unlawfully possess a controlled substance.

[DE 104 at Page ID # 353]. The Judgment further required West to submit to drug testing and to refrain from unlawful use of a controlled substance during the term of supervision. [*Id.*].

On August 25, 2021, United States Probation Officer Tony Gilkey ("Officer Gilkey") advised the Court that West admitted to having used marijuana and benzodiazepines while in Bureau of Prisons ("BOP") custody. [DE 120]. He recommended, and Judge Van Tatenhove ordered, that West be permitted to continue serving his supervised release term. [*Id.*]. On September 16, 2021, Officer Gilkey alleged further supervised release violations. Per the Violation Report, West was arrested by Kentucky State Police in Berea, Kentucky on September 14, 2021. The arrest citation reflects that West was a passenger in a vehicle that was stopped for careless driving and, ultimately, searched after officers smelled marijuana emanating from it. After a police canine alerted to the presence of controlled substances in the passenger seat, officers searched West and located approximately 54 grams of fentanyl concealed in West's underwear. West was subsequently charged with Trafficking in a Controlled Substance (1st offense, Heroin), in violation of KRS § 218A.1412.

Based on the alleged conduct and charges, the Violation Report avers that West violated Mandatory Conditions No. 1 and 2. Judge Van Tatenhove issued a warrant for West's arrest based on the alleged violations, and West was arrested on October 7, 2021. [DE 124].

## II. PROCEDURAL HISTORY

The Court conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on October 12, 2021. [DE 125]. The Court advised West of his constitutional rights, including his right to counsel and to a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(b)(1)(A). At hearing outset and following a thorough colloquy, West knowingly and voluntarily waived his right to appointed counsel, and the Court permitted him to proceed *pro se* with standby counsel present. The Court conducted a preliminary hearing and found probable cause to believe that the violations had occurred as reported. The United States sought interim detention, and the Court found that West ultimately failed to carry his release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). The Court thus ordered that West remain detained pending the final hearing.

Following the initial appearance, newly retained counsel entered appearances on behalf of West for this revocation proceeding and requested a continuance to explore the alleged facts and to prepare for the final hearing. [DE 128, 131]. The Court granted the motion and ultimately conducted the final revocation hearing in this matter on November 1, 2021. [DE 135]. At the final hearing, with the advice of counsel, West knowingly, voluntarily, and intelligently stipulated that the United States could prove the alleged violations by a preponderance of the evidence as required in the supervised release context. For purposes of the Rule 32.1 proceedings only, West admitted that the Government could establish by a preponderance the factual bases for the violations as described in the violation report. Accordingly, the Court found that the United States established the reported violations pursuant to 18 U.S.C. § 3583(e).

West's violation of Mandatory Condition No. 1 is a Grade A violation; his violation of Mandatory Condition No. 2 is a Grade B violation. "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense,

the grade of the violation is determined by the violation having the most serious grade." United States Sentencing Guidelines ("USSG") § 7B1.2(b). The Court thus utilizes Grade A for Guidelines determination purposes in this case. West's criminal history category, as established at the time of his original Judgment, is Category V. The parties do not dispute that the Guidelines range thus would, ordinarily, be 30 to 37 months. However, the statutory maximum imprisonment term in this case is 24 months under 18 U.S.C. § 3583(e)(3); the applicable Guidelines range therefore becomes 24 months. *See* USSG § 7B1.4(b)(1). There is no maximum term of supervision that could be reimposed in this case pursuant to § 3583(h), given West's original offense and the lifetime period of supervision available.

At the final hearing, the parties jointly recommended a revocation sentence of 18 months' imprisonment, to be followed by an additional (unspecified) term of supervised release.

### III. ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning West's violations, the presentence investigation report ("PIR"), and the factors set forth in 18 U.S.C. § 3583(e) and § 3553(a) as incorporated. Under the Guidelines, the established Grade A and B violations in this case require revocation of West's supervision term. *See* USSG § 7B1.3(a)(1). Revocation is also an appropriate consequence for West's abuse of the Court's trust. *See* USSG § 7, Pt. A. intro. comment 3(b) (observing that "revocation . . . should sanction primarily the defendant's breach of trust").

In recommending a specific revocation sentence, the Court carefully considers the statutory factors in § 3553(a), as incorporated in § 3583(e), as well as the applicable Guidelines range of 24 months. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). First, the Court observes that the circumstances surrounding the original offense, like the violation conduct, involved distribution quantities of controlled substances and/or counterfeit controlled substances.

4

Per the Plea Agreement, West admitted to selling 14.18 grams of methamphetamine and 116.112 grams of counterfeit methamphetamine to agents during controlled transactions on two separate occasions in late 2017 and early 2018. [DE 58].[2] The violation conduct similarly involves a 54-gram quantity of fentanyl (originally thought to be heroin), an exceptionally dangerous controlled substance. Further, West's relevant conduct at sentencing for the original offense included firearm possession. [*Id.*; *see also* PIR ¶¶ 6–13].[3] The nature and circumstances of West's original offense thus counsel a substantial revocation imprisonment term, particularly given their concerning overlap with the instant violation conduct. *See* 18 U.S.C. § 3553(a)(1).

Relatedly, West's criminal history and some personal characteristics are aggravating factors. *See id.* West has several drug- and gun-related convictions spanning the last ten years. [PIR at ¶¶ 31–35 (reflecting prior convictions for marijuana distribution and firearm possession, as well as prior charges for methamphetamine and heroin trafficking). The recurring combination of guns and drug trafficking in West's background further underscores the need for a significant revocation sentence in this case. Additionally, West's history reveals a pattern of concerted effort to avoid detection and to deflect criminal responsibility, even once apprehended. Prior offense circumstances, as reflected in West's criminal history narratives, indicate efforts to discard handguns and other illicit items. [PIR ¶¶ 33–34].[4] The underlying offense involved an attempt to

---

[2] Though the parties did not agree as to drug quantities at the time of West's guilty plea, the PIR substantiates these amounts, and Judge Van Tatenhove utilized the non-counterfeit quantity for Guidelines purposes [*see* DE 101]; consistent with the defense's objection as sustained by the USPO in advance of sentencing, the counterfeit quantity did not factor into the base offense level per USSG § 2D1.1. [*See* Addendum to PIR].

[3] Though West challenged the attendant § 2D1.1(b)(1) enhancement at sentencing, Judge Van Tatenhove overruled the objection and applied the firearm enhancement. [DE 101]. The Sixth Circuit affirmed enhancement application and West's overall sentence on appeal. [DE 113].

[4] As to the ¶ 33 prior offenses, 2013 arrest records indicate that West was alleged to have unlawfully imprisoned a victim inside of a vehicle and to have "terrorized [him] with two

discard a handgun and deflect responsibility for its possession. [DE 58 ¶ 3(c)]. And the violation conduct involved narcotics heavily concealed on West's intimate person, requiring an unusually thorough search. This pattern of deceptive behavior further highlights the need for a revocation sentence that adequately accounts for the instant breach of Court trust.

Accordingly, the nature and circumstances of the offense (and their connection to the instant violation conduct), West's overlapping and relatively recent criminal history, and the emerging pattern of dishonesty all strongly favor a Guidelines imprisonment sentence on revocation. The needs to deter future criminality and to protect the public also heavily drive a Guidelines sentence in this case. 18 U.S.C. §§ 3553(a)(2)(B)-(C). West was on supervision for less than a month before the instant violations occurred, after he had already admitted to illicit use of controlled substances while confined in the BOP serving his underlying sentence.[5] That West's criminal conduct continued even during his period of confinement and escalated—almost immediately after commencement of the supervision period—to heroin/fentanyl trafficking indicates that the prior imprisonment period had little deterrent effect. The instant revocation sentence must account for that and also endeavor to protect the public from the dangerous drug and gun offenses that West has a demonstrated history of committing. All of these considerations draw the Court toward a 24-month imprisonment sentence, as the Guidelines urge.

---

automatic handguns." [*Id.*]. The surrounding circumstances as noted in the PIR suggest that the incident was drug-related. Though the unlawful imprisonment charge was ultimately dismissed, these violent allegations against West are worrisome and, in light of the full record, signal the sort of dangerous conduct that may result if the persisting drug and gun conduct progresses unchecked.

[5] The instant violations do not necessarily suggest that West suffers from current substance use disorder issues. Regardless, West's original Judgment imposed substance use disorder treatment as a release component, to the extent it is needed, and the Court here recommends reimposition of Judge Van Tatenhove's prior conditions for the post-revocation supervision term. This promotes effective treatment as directed by § 3553(a)(2)(D).

On this record, the Court lacks sufficient mitigating proof within the revocation framework to justify recommending a variance below the 24-month Guidelines term. *See, e.g.*, *United States v. Burrell*, 455 F. App'x 667, 669 (6th Cir. 2012) (likewise requiring a "sufficiently compelling [justification] to support the degree of the variance" in the supervised release revocation context). As noted, the parties jointly recommended an 18-month revocation sentence, representing a 6-month variance from the Guidelines (functionally a quarter decrease in the proposed imprisonment term); such a substantial downward variance requires correspondingly persuasive proof. The only legitimate mitigating consideration, per the record, is West's family support network. The PIR confirms that West maintains strong relationships with his close family members, and West's father's attendance at the final revocation hearing is encouraging.[6] These enduring relationships reflect positively on West's personal characteristics. *See* 18 U.S.C. § 3553(a)(1).[7]

However, on balance, these positive personal characteristics alone are insufficient to pull the Court away from a Guidelines sentence in this case, given the exceptionally strong aggravating considerations outlined above. Nor does the fact that West may, at some speculative, undefined date, face prosecution based on the same conduct underlying these violations bear on the relevant

---

[6] The Court acknowledges the unclear circumstances surrounding West's father's presence at the time of the instant violations and his (at times inconsistent) efforts to explain the situation to the USPO. The parties did not introduce further detail or discuss this dynamic at the hearing, however, and the Court thus does not weigh it in recommending a revocation sentence or in assessing the personal characteristics factor.

[7] The defense also emphasized that Defendant was released to supervision in Kentucky, rather than in Alabama, where his father resides and purportedly could have provided needed monitoring and support. Though perhaps explanatory to a small degree, the Court does not perceive this as meaningfully mitigating with respect to any of the specific factors it must consider. Moreover, West's father was in the vehicle with West in Madison County, Kentucky at the time of the arrest underlying the violations. This casts at least some doubt on West's father's ability to control West's conduct, even in close physical proximity. Still, in the interest of providing correctional treatment in the most effective manner possible, the Court here incorporates West's requested recommendation to serve any revocation sentence at FCI – Talladega in Alabama to permit him to be near his father, with whom he maintains a strong relationship.

§ 3553(a)/§ 3583(e) factors or justify a variance from the otherwise appropriate Guidelines sentence. Rather, as already discussed at length, the instant consequence must primarily sanction West's breach of the Court's trust in violating the terms of his supervised release. Consistent with that overarching purpose and based upon the balance of sentencing considerations, the Court recommends a Guidelines revocation sentence of 24 months' imprisonment in this matter. In the Court's view, such a sentence properly reflects all sentencing factors and appropriately accounts for the statutory purposes of revocation; a below-Guidelines sentence would accord the needs to deter future criminality and to protect the public, as well as the Guidelines themselves, insufficient weight. The Court further recommends a period of 3 years' supervised release to follow, as West committed the instant violations in the nascent stage of his current supervision term.

## IV.    CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

(1) West be found guilty of all violations;

(2) West's current term of supervised release be **REVOKED**;

(3) West be sentenced to an incarceration period of **TWENTY-FOUR (24) MONTHS**; and

(4) West serve a 3-year term of supervised release to follow, with conditions reimposed as reflected in West's original Judgment [DE 104].

The Court further **RECOMMENDS** that West serve any period of imprisonment in this matter at FCI – Talladega, near immediate family. West preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As

defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 12th day of November, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge