UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 5:18-cr-00144-GFVT-MAS |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NORMAN DAVID WEST, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett. [R. 136.] For the reasons that follow, Judge Stinnett's Report and Recommendation will be ADOPTED, though the recommended sentence will be reduced by three months.

**I**

Defendant Norman David West has been charged with violating the conditions of his supervised release. [R. 122.] On September 17, 2019, this Court sentenced Mr. West to forty months in prison to be followed by three years of supervised released after Mr. West pleaded guilty to one count of distribution of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [R. 104.] Mr. West was released from custody and began his term of supervision on August 20, 2021.

Five days later, on August 25, United States Probation Officer Tony Gilkey informed the Court that Mr. West had admitted to using marijuana and benzodiazepines while in Bureau of Prisons custody. [R. 120.] Officer Gilkey recommended that Mr. West be permitted to continue serving his term of supervision, and this Court approved that recommendation. *Id.*

The USPO issued the Supervised Release Violation Report on September 16, 2021, that initiated these proceedings.  [R. 136 at 2.]  The Report contains two alleged violations stemming from an arrest by Kentucky State Police in Berea, Kentucky, on September 14, 2021.  Per the violation report, Mr. West was a passenger in a vehicle that was stopped for careless driving and subsequently searched after officers smelled marijuana emanating from the vehicle.  A canine search led to police finding approximately 54 grams of fentanyl located in Mr. West's underwear.  Violation #1 alleges that Mr. West violated the condition that he not commit another federal, state or local crime, which is a Grade A violation (he was charged with Trafficking in a Controlled Substance in violation of KRS § 218A.1412).  *Id.*  Violation #2 alleges that Mr. West violated the condition that he not unlawfully possess a controlled substance, which is a Grade B violation.  *Id.*

On October 12, Judge Stinnett conducted an initial appearance with Mr. West pursuant to Rule 32.1.  [R. 125.]  At the hearing, Judge Stinnett advised Mr. West of his constitutional rights, including his right to counsel.  *Id.*  During the hearing, Mr. West knowingly and voluntarily waived his right to appointed counsel, and Judge Stinnett allowed him to proceed *pro se* with standby counsel present.  *Id.*  After a preliminary hearing, Judge Stinnett found probable cause to believe the violations had occurred as they were reported.  *Id.*  The Government sought interim detention, and Judge Stinnett found that Mr. West failed to carry his burden pursuant to Rule 32.1(a)(6) and 18 U.S.C. § 3583(e).  *Id.*  After the initial appearance, newly retained counsel entered appearances on Mr. West's behalf for this proceeding and "requested a continuance to explore the alleged facts and to prepare for a final hearing."  [R. 136 at 3 (citing [R. 128; R. 131]).]

On November 1, Judge Stinnett conducted the final hearing.  [R. 135.]  At the hearing,

Mr. West entered a knowing, voluntary, and intelligent stipulation to the violations contained in the Report. *Id.* Judge Stinnett further found that Mr. West's stipulation permitted him to find that Mr. West engaged in conduct that is a Grade A violation under the Guidelines. *Id.* (citing U.S.S.G. § 7B1.1(a)(2)). At the hearing, the parties jointly recommended that Mr. West serve a revocation sentence of eighteen months of imprisonment. [R. 136 at 4.]

## II

After the hearing, Judge Stinnett carefully reviewed the entire record, including the Violation Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Stinnett also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was distribution of a mixture or substance containing methamphetamine. [R. 104.] Although Mr. West's Guideline range sentence would ordinarily be thirty to thirty-seven months given his criminal history category of V (at the time of his original conviction) and admitted Grade A violation,[1] 18 U.S.C. § 3583(e)(3) instructs that Mr. West's conviction carries a statutory maximum period of incarceration of twenty-four months. There is no maximum term of supervised release that may be re-imposed pursuant to 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(B). Judge Stinnett found that under the Guidelines, established Grade A and B violations necessitate revocation of Mr. West's term of supervision. [R. 136 at 4 (citing USSG § 7B1.3(a)(1)).]

In determining the appropriate revocation term of imprisonment, Judge Stinnett

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines Range. *Id.* at 7–8. Regarding Mr. West's criminal history and personal characteristics, Judge Stinnett found that Mr. West "admitted to selling 14.18 grams of methamphetamine and 116.112 grams of counterfeit methamphetamine to agents…on two separate occasions" in 2017 and 2018. *Id.* at 5 (citing [R. 58]). Here again, this violation involved "an exceptionally dangerous controlled substance." *Id.* Judge Stinnett found the nature and circumstances of Mr. West's original offense particularly concerning given their overlap with the "instant violation conduct." *Id.*

As to the history and characteristics, need to deter criminal conduct, and the need to protect the public, Judge Stinnett found that Mr. West had "several drug- and gun-related convictions spanning the last ten years," and that Mr. West's history "reveals a pattern of concerted effort to avoid detection and to deflect criminal responsibility even once apprehended." *Id.* For example, the underlying offense involved an attempt to "discard a handgun and deflect responsibility for its possession" and the instant offense "involved narcotics heavily concealed on [Mr.] West's intimate person, requiring an unusually thorough search." *Id.* at 5–6. Judge Stinnett noted that this pattern highlighted "the need for a revocation sentence that adequately accounts for the instant breach of Court trust." *Id.* at 6.

As for the nature and circumstances of the offense, Judge Stinnett found that Mr. West's "emerging pattern of dishonesty" and "need[] to deter future criminality" favor a Guidelines sentence. *Id.* at 6. Judge Stinnett also noted that Mr. West had only been on supervision for under one month when the violations occurred. *Id.* Judge Stinnett found that Mr. West's criminal conduct was serious, and the sentence "must account for that and also endeavor to protect the public from the dangerous drug and gun offenses that [Mr.] West has a demonstrated

history of committing." *Id.*

Judge Stinnett did not find any proof that justified a variance below the twenty-four-month Guidelines term.  Judge Stinnett noted Mr. West's family support network and confusion regarding his release to supervision in Kentucky instead of Alabama, but Judge Stinnett found that "on balance, these positive personal characteristics alone are insufficient to pull the Court away from a Guidelines sentence in this case, given the exceptionally strong aggravating considerations outlined above." *Id.* at 7.

Ultimately, Judge Stinnett made the following recommendations: (1) Mr. West be found guilty of all violations contained in the Report; (2) Mr. West's term of supervision be revoked; (3) Mr. West serve a twenty-four-month term of imprisonment; (4) Mr. West serve a three-year term of supervision under the same conditions previously imposed following his twenty-four-month term of imprisonment; and (5) Mr. West serve any period of imprisonment in this matter at FCI-Talladega, which is near immediate family.  *Id.* at 8.

Judge Stinnett's Report and Recommendation advised the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 9; *see* 28 U.S.C. § 636(b)(1).  The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe.  *Id.*; *see Thomas v. Arn*, 474 U.S. 140 (1985).  On February 15, 2022, Mr. West filed a general objection to Judge Stinnett's Report and Recommendation and requested the opportunity to allocute.[2]  [R. 147.]

---

[2] Mr. West wrote two letters and his father wrote one letter to this Court, which the Court referred to Mr. West's counsel for review.  [R. 138; R. 141; R. 149.]  Mr. West never received a copy of Judge Stinnett's Report and Recommendation, and confusion about timing and Mr. West's desire to allocute led to Mr. West's attorney filing a general objection and request for an allocution hearing on February 15, 2022.  This was more than three months after Judge Stinnett issued his Report and Recommendation.  However, the letters the Court received made it clear that Mr. West had some concerns in this matter that he wanted a chance to share with the Court.  Given the unique circumstances in this case and the fact that no party was prejudiced by the delay, the Court found it appropriate to permit Mr. West to allocute despite the lateness of his request.

On March 1, the Court held an allocution hearing with Mr. West.  At the hearing, Counsel for Mr. West made it clear that Mr. West was not contesting his guilt or seeking to withdraw the stipulation to the violations contained in the Violation Report that he had made during his final hearing before Judge Stinnett.  He simply wanted to note for the record that he had not received Judge Stinnett's Report and Recommendation, and he wanted to object to the length of the sentence Judge Stinnett was recommending.  Counsel for Mr. West argued that he and the Government had entered into a joint recommendation for an eighteen-month sentence in this case, and while Mr. West understood that this recommendation did not bind the Court, he felt the recommendation should have been more seriously considered.  The Government agreed that this joint recommendation of eighteen months had been made but stated that there would be no objection from the Government if the Court imposed a twenty-four-month sentence.

Mr. West acknowledged at the hearing that he violated the terms of his supervised release, and he took full responsibility for his "idiotic and stubborn" decisions.  He added, however, that he felt it was unjust that he was released in Kentucky instead of Alabama where he had a family, a job, and mental health therapy waiting for him.  Mr. West's father was in attendance at the allocution.  After hearing from the parties at the hearing, the Court took the matter under advisement.

The parties jointly recommended an eighteen-month sentence in this case.  After review, although both the nature of the violation and violation of the Court's trust are concerning in this case, the Court finds that a slight downward variance to twenty-one months is appropriate.  At the hearing, Mr. West acknowledged the wrongfulness of his actions and took responsibility for violating the terms of his supervised release.  Mr. West has strong relationships with his close family members, and the Court is encouraged by his father's support throughout this process.  A

twenty-one-month sentence would still reflect the seriousness of the offense, protect the public, and provide just punishment for the offense while allowing Mr. West to chance to return to his family in Alabama and begin attending mental health counseling more quickly, which will be beneficial for Mr. West.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Norman David West **[R. 136]** is **ADOPTED** as and for the opinion of the Court, though the recommended sentence will be reduced by three months;

2. Mr. West is found **GUILTY** of the violations contained in the Report;

3. Mr. West shall serve a term of imprisonment of twenty-one months;

4. Following Mr. West's release, he shall serve a three-year term of supervision under the same conditions previously imposed; and

5. The Court recommends that Mr. West serve his term of imprisonment in this matter at FCI-Talladega, which is close to his family.

This the 16th day of March, 2022.

Gregory F. Van Tatenhove
United States District Judge